UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DELMAR SHARRAY SHARP,

          Petitioner,

v.

SCOTT WRIGGLESWORTH,

          Respondent.
_____/

Case No. 1:24-cv-56

Honorable Paul L. Maloney

## **OPINION**

Petitioner Delmar Sharray Sharp is presently in custody at the Ingham County Jail in Mason, Michigan. Part of the reason Petitioner is in custody is that he has been sentenced to 93 days in jail for criminal contempt in two cases because he violated the terms of his bond in those cases: *State of Michigan v. Delmar Sharray Sharp*, No. 18-000730-FH (Ingham Cnty. Cir. Ct.) and *State of Michigan v. Delmar Sharray Sharp*, No. 20-0000018-FH (Ingham Cnty. Cir. Ct.).[1] A person in custody pursuant to the judgment of a state court must seek habeas relief under 28 U.S.C. § 2254.

Upon Petitioner's completion of those sentences, however, he will not be released; he will simply be detained without bond pending trial in the two criminal prosecutions. Section 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).

---

[1] Case information relating to Petitioner's pending prosecutions is available at https://courts.ingham.org/CourtRecordSearch/ (select Courts to be Searched "Circuit," enter Last Name "Sharp," enter First Name "Delmar," enter Date of Birth "12/15/1984," select Case Type "Criminal/Traffic," select Case Numbers "18-000730-FH" and "20-000018-FH," select search, select view for each case number) (last visited Feb. 7, 2024)

Petitioner filed his petition on the form intended for petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] (ECF No. 1, PageID.1.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[3] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases. After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

## Discussion

### I.    Factual Allegations

The petition indicates that Petitioner is being held in the Ingham County Jail. He names as Respondent Ingham County Sheriff Scott Wrigglesworth. Petitioner sets forth four grounds for relief:

> I.    Violation of Michigan Constitution Declaration Section 1 Subsection 1,2, 9. All political power is inherent in the people. Government is instituted for their equal benefit, security and protection. No person shall be denied the equal protection of the laws. Neither slavery, nor involuntary servitude unless for the punishment of crime, shall ever be tolerated in this state. All the power is in the people. Equal protection under the law is paramount. Petitioner does not consent to be held in involuntary servitude without just payment. Petitioner exercises rights to defenses and claims.

---

[2] Petitioner also claims he is seeking relief under 28 U.S.C. § 2255. (ECF No. 1, PageID.5, 7.) That statute, however, applies only to prisoners in custody under sentence of a federal court. Petitioner is not held in the Ingham County Jail under sentence of a federal court; therefore, he may not obtain relief under § 2255.

[3] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

> II. Violation of Michigan Constitution Declaration of Rights Article I Section IX, XI, XXXI. No bill of attainder, ex post facto law or law impairing the obligation of contract shall be enacted. Searches and seizures. Bail; fines; punishments; detention of witnesses. No personal shall be imprisoned for debt arising out of or founded on contract, express or implied, except in cases . . . . Petitioner is held in conditions of cruel and unusual punishment against privatel[y] held contracts without access to the necessary items needed to conduct business properly. Petitioner does not consent to be held in[ ]prison for a debt that Petitioner is not liable for as the Beneficiary.
>
> III. Deprivation of Rights under the Color of Law [Title 42 USC 1983]. Petitioner believes that the Respondents are in possession of contraband, Petitioner believes Respondents have stolen identi[t]y and use of private numbers to enslave Petitioner without consent of Petitioner. Petitioner denies the authenticity of signature and believe the signature is forged. Petitioner believes Respondents may be involve[ed] in a conspiracy to use their public office of trust for private pecuniary gains in a tax ponzi scheme to defraud the United States Government.
>
> IV. Organic Constitution for the United States of America (1787) Bill of Rights Amendment IV. Respondent converts a secured liberty into a crime. Petitioner was [led] to believe Respondents were going to provide a check for the sale of the securities and receipt of payment but was deceived. Petitioner has the right to be secure in his papers, persons, and affects and Respondent may be in a conspiracy with others to violate these secure inalienable rights. No lawful warrant is presented to Petitioner under the pains and penalties of perju[ry] under oath or affirmation describing the place to be searched and the person or thing to be seized. Petitioner does not consent to involuntary Servitude without just compensation.

(Pet., ECF No. 1, PageID.11, 13.)[4] Petitioner's request for relief reads as follows:

> Petitioner wishes the Respondents to provide their authority to make a ent [sic] on behalf of the real parties in interest pursuant to the Statute of Fraud. Petitioner requests from the Respondents proof of a verifiable claim/complaint. Petitioner demands specific performance of the contract. Petitioner is assertin[g] defenses and claims, and has a claim in recoupment of setoff and authorizes the setoff. Petitioner wishes the Respondent to pay the transfer tax. Petitioner wishes and wills this honorable court to be discharged with extreme prejudice.

(*Id.*, PageID.13.)

---

[4] The Court has corrected some of the punctuation in Petitioner's statement of his habeas grounds.

3

Petitioner's statement of issues, his request for relief, and the "notice" attached to his petition, (ECF No. 1-1, PageID.22–26), are suffused with passing references to legal terms that have no real meaning in the context they are offered. Petitioner's arguments are reminiscent of the "legalistic gibberish" offered by tax protesters challenging the constitutionality of the federal income tax. *Crain v. Comm'r*, 737 F.2d 1417, 1418 (5th Cir. 1984). This Court has quoted with approval the *Crain* court's determination that there is "no need to refute these arguments with somber reasoning and copious citation of precedent [because] to do so might suggest that these arguments have some colorable merit." *Clanton v. Sam's Club*, No. 1:21-cv-53, 2021 WL 3021917, at *3 (W.D. Mich. July 6, 2021), *report and recommendation adopted*, 2021 WL 3021916 (Jul. 16, 2021), *aff'd*, 2022 WL 18781403 (6th Cir. Apr. 22, 2022). In this instance, however, the Court's disposition of the petition does not require consideration of the merits of Petitioner's arguments.

## II. Exhaustion Requirement for Petitions under § 2254

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion

4

issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner claims that he appealed the decision to hold him in custody to the County of Ingham, "Brother to Brother- Private communication for release." (Pet., ECF No. 1, PageID.3.) Petitioner does not suggest that he appealed the criminal contempt determination and sentence to the Michigan Court of Appeals or the Michigan Supreme Court. Review of the dockets of those courts fails to disclose any completed or pending appeal filed by Petitioner. *See* https://www.courts.michigan.gov/case-search/ (search "Delmar Sharp") (last visited Feb. 7, 2024). Thus, it is apparent that Petitioner has not raised the grounds for relief set forth above in direct appeals to the Michigan Court of Appeals and Michigan Supreme Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. Petitioner may file a direct appeal to the Michigan Court of Appeals. *See* Mich. Court Rule 7.204(A)(2); 7.205(A)(2)(a). If Petitioner does so, he must then seek leave to appeal any decision by the court of appeals to the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

It appears that Petitioner may have turned to this Court because of the short sentence imposed by the state court. The requirement to exhaust is not absolute. A court may grant habeas relief despite lack of exhaustion where: "(i) there is an absence of available State corrective

process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Ordinary delay in proceeding through the state courts, however, does not warrant excusing the exhaustion requirement.

The Sixth Circuit has made clear that "delay, standing alone, has never been enough" to excuse the exhaustion requirement. *Johnson v. Bauman*, 27 F.4th 384, 395 (6th Cir. 2022). Delay might be Petitioner's concern—not that the state court would take longer than it should to decide Petitioner's claims, but that, by the time Petitioner proceeded through the Michigan Court of Appeals and the Michigan Supreme Court, his request would be moot because his sentence would have been served in its entirety. That sort of delay is simply inherent in the exhaustion requirement; it does not warrant excusing the requirement. *See, e.g.*, *Kyte v. Warden, Hamilton Cnty. Justice Ctr.*, No. 1:19-cv-809, 2020 WL 3960467, at *1 n.2 (S.D. Ohio, July 13, 2020) ("This Court has rejected the proposition that ordinary delay in reaching cases for decision on direct appeal renders the direct appeal remedy futile, finding [t]he logical result of such a proposal would be to render the exhaustion rule meaningless, at least in cases with relatively short sentences." (internal quotation marks omitted)); *Gonzalez-Aguilera v. Franke*, No. 2:12-cv-01438-BR, 2013 WL 2149620, at *3 (D. Or. May 14, 2013) ("[A]s this Court has repeatedly held, the fact that a petitioner may be serving a relatively short sentence does not constitute an extraordinary circumstance justifying federal intervention . . . . To hold otherwise would permit every state prisoner with a short sentence to bypass state remedies, a result which would be directly contrary to the strong presumption in favor of exhaustion." (internal quotation marks and citations omitted)).

Because Petitioner has failed to exhaust his claims, and exhaustion is not excused, his petition is properly dismissed without prejudice. Petitioner's habeas petition is subject to the one-

6

year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted *supra*, Petitioner has not yet appealed his conviction and sentence to the Michigan Court of Appeals.

Where a petitioner fails to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (setting forth that the time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" (emphasis added)). Petitioner may file a delayed application for leave to appeal in the Michigan Court of Appeals until six months after the date his judgment of sentence was entered. *See* Mich. Ct. R. 7.205(G)(3). Thus, his period of limitation has not yet started running.

The Sixth Circuit has indicated that thirty days is a reasonable amount of time for a petitioner to take the steps necessary to return to the state courts to exhaust his remedies, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002); *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner has well more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in any danger of running afoul of the statute of limitations. Therefore, a stay of these

7

proceedings is not warranted and the Court will dismiss the petition under § 2254 for failure to exhaust available state-court remedies.

### III. Exhaustion Requirement for Petitioners under § 2241

In a few weeks, Petitioner will have completed his sentences for criminal contempt. The trial court has already indicated that upon completion of Petitioner's sentences his detention will continue pending trial. It is possible—indeed, likely—that Petitioner challenges not only his present incarceration, but also the pretrial detention that will follow. In that sense, Petitioner's upcoming pretrial detention is not unlike a consecutive sentence that Petitioner has not yet begun to serve. The Court may consider a habeas challenge under 28 U.S.C. § 2241(c)(3) to a consecutive sentence that the petitioner has not yet begun to serve. *See, e.g., Peyton v. Rowe*, 391 U.S. 54, 67 (1968) (holding "that a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of § 2241(c)(3)").

Section 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *Atkins*, 644 F.2d at 546. While petitions under § 2241 are not subject to all of the specific statutory requirements set forth in § 2254, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. Thus, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

8

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). The issues raised by Petitioner do not implicate any of these exceptional circumstances; thus, the Court may not consider Petitioner's challenge to his pretrial detention.

Even where a pretrial detainee articulates a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan*, 526 U.S. at 844–45, 847; *Wagner*, 581 F.3d at 414–15. Petitioner, again, bears the burden of showing exhaustion. *See Rust*, 17 F.3d at 160.

As noted above, Petitioner does not indicate that he has sought relief in the Michigan state courts for the alleged violations of his rights. A challenge to pretrial detention in Michigan is governed by Mich. Comp. Laws § 765.1 *et seq.* Under those provisions and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1). Alternatively, the state habeas corpus remedy may provide a means to obtain relief.

Petitioner must pursue the remedies afforded by Michigan Court Rule 6.106 or by the Michigan habeas corpus statute, including all available appeals. Relief under § 2241 is not available until after Petitioner has exhausted his state court remedies.

## IV.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the

10

district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is entitled to relief under § 2241 and has failed to make a substantial showing of a denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for lack of exhaustion and denying a certificate of appealability.

Dated: February 14, 2024 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge